L. L. STATON v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 17 November, 1910.)

1. **Appeal and Error—Issue, New Trial as to One.**

   A partial new trial having been granted on a former appeal in this case, restricted to the issue whether or not the defendant railroad company so used one of its spur tracks as to be a nuisance, to plaintiff's special damage, the lower court properly restricted the trial to this issue alone.

2. **Railroads — Spur Track — Nuisance — Necessary Acts — Instructions.**

   In an action for special damages for the improper use for freight trains by defendant railroad company of its spur track in front of, or adjacent to, plaintiff's residence, the spur not being at a freight depot, it was error in the trial court to charge, in effect, that the acts complained of would constitute an actionable nuisance if unnecessarily done in the operation of the road, when the facts recited would constitute a nuisance in the use of a spur track for such purposes.

APPEAL by plaintiff from *Guion, J.,* at the April Term, 1910, of EDGECOMBE.

The facts are sufficiently stated in the opinion of the court.

*G. M. T. Fountain & Son* for plaintiff.
*F. S. Spruill* and *J. L. Bridgers* for defendant.

CLARK, C. J.   The facts in this case are fully set out in the former appeal, *Staton v. R. R.,* 147 N. C., 429, and need not be repeated here.   In ordering the new trial on that appeal the Court said, "The issue and evidence will be confined to the allegation that the defendant has, within three years prior to the commencement of this action, so used the spur track and the street, in violation of its duty, as to constitute a nuisance, by which the plaintiff has sustained special damages as the owner of the dwelling and premises abutting on the street."

The Court affirmed the action below in other respects, and granted a partial new trial restricted to this issue.   On this trial, the judge below submitted the following issue, "Has the defendant, within three years prior to the commencement of this action, so used the spur track and the street as to consti-

tute a nuisance?"  This is in exact conformity with the direction of this Court, and the first exception must be overruled.

But we think there was error as pointed out by exception 9. The plaintiff requested the court to charge: "If you shall find from the greater weight of evidence that at any time within three years before 26 September, 1906, the defendants, or either of them, shoved cars on the spur track in front of, or adjacent to, plaintiff's residence, the same not being a freight depot, to be unloaded or loaded within 90 feet of plaintiff's door, and frequently left theatrical cars to be unloaded and loaded, and left steam engines on said track during the night, so that the escaping steam, the ringing of bells, and the sounding of whistles at (unnecessarily) early hours in the morning, and the noises of employees during the night and the early morning, the loud puffing, the (unnecessary) scattering of cinders, sparks, and dust, and the screeching of the wheels on the curve of the said track break the rest of the plaintiff and his family and envelope his dwelling and premises in smoke, dirt and noxious gases, and smells to their annoyance (unnecessarily) this would constitute actionable nuisance, and you will answer the first issue, Yes."

The Court gave this prayer, but modified it by inserting the words which appear above in brackets, and added at the end the following, "If not unnecessary, but required in ordinary operation, No." The state of facts above recited would constitute a nuisance on a spur track, if found to be true. It was error to modify the prayer by inserting the words "unnecessary," and "unnecessarily," and by adding at the end that such conduct would not be a nuisance if necessary in the ordinary operation of the road. Such acts, if done at the depot or yard of the defendant would not be a nuisance if necessary in the ordinary operation of the road. But this was a spur track, built to an ice plant, and was not intended for such purposes and conduct as is set out in the prayer. Such acts as occurred in the reasonable and necessary operation of said spur track would not be actionable—for instance, in transportation to and from the ice plant and electric light plant, or for delivery and receipt of

freight to and from business houses along said track and to or from the public cotton yard. But the facts recited in the prayer are not those incident to the operation of the spur track. The subject is so fully discussed in *Thomason v. R. R.,* 142 N. C., 300, and *Taylor v. R. R.,* 145 N. C., 400, that we can add nothing to what is there said.

We do not deem it necessary to discuss the other exceptions. Error.